IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RYAN W. ZIMMERMAN,<br><br>        Plaintiff,<br>v.<br><br>AL JAZEERA AMERICA, LLC, et al.,<br><br>        Defendants. | Case No. 18-Misc. _____<br><br>CASE IN OTHER COURT: *Ryan W. Zimmerman*, *et al. v. Al Jazeera America, LLC, et al.*, Case Nos. 16-cv-00013 (KBJ) and 16-cv-00014 (KBJ) (D.D.C.) |
| RYAN J. HOWARD<br><br>        Plaintiff,<br>v.<br><br>AL JAZEERA AMERICA, LLC, et al.,<br><br>        Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH
<u>AL JAZEERA'S SUBPOENA SERVED ON VERIZON WIRELESS</u>**

Ryan J. Howard ("Howard") submits this Memorandum of Law in Support of Howard's Motion to Quash the Subpoena issued by Al Jazeera America, LLC, Al Jazeera Media Network, Al Jazeera International (USA) Inc., and Deborah Davies (collectively "Al Jazeera") to non-party Verizon Communication Inc., Cellco Partnership, Inc., d/b/a Verizon Wireless ("Verizon Wireless") pursuant Federal Rule of Civil Procedure 45(d)(3)(A).

**PRELIMINARY STATEMENT**

This motion arises from an attempt by Al Jazeera to seek phone records from Verizon Wireless for a period of more than six (6) years for Howard, a former Major League Baseball ("MLB") All Star and Most Valuable Player. This remarkably overbroad and invasive request arises from the defamation and false light action Howard filed against Al Jazeera, which has been

proceeding in the District Court for the District of Columbia since January 5, 2016. *See Ryan W. Zimmerman*, *et al. v. Al Jazeera America, LLC, et al.*, Case Nos. 16-cv-13 (D.D.C.) ("Underlying Action"). Specifically, Howard sued Al Jazeera over false and unsubstantiated allegations the network made in a documentary called *The Dark Side*, which purported to investigate doping in professional sports. In the documentary, Al Jazeera falsely accused Howard, among others, of using a performance-enhancing drug ("PED") known as Delta-2 that is banned by MLB. The statements linking Howard to Delta-2 were made by a now discredited, single source named Charlie Sly ("Sly"), who repeatedly recanted his statements about Howard prior to publication of the documentary.

Discovery in the Underlying Action began sixteen (16) months ago on May 12, 2017. Since that time, Al Jazeera has had ample time to pursue discovery from Howard and various non-parties, including by issuing hundreds of discovery requests to Howard, as well as by serving approximately 128 subpoenas to various third-parties. Among the various third-parties from whom Al Jazeera has sought discovery is AT&T, the cellular provider for Sly—Al Jazeera's sole source. In response to that subpoena, AT&T produced more than 21,000 pages of documents—the vast majority of which have no relevance to this case. Critically, there is not a single reference to Howard or his phone numbers in any of the 21,000 plus pages produced by AT&T. Dissatisfied with the results of the AT&T subpoena, Al Jazeera has now issued a remarkably overbroad subpoena to Howard's cellular provider, Verizon Wireless, seeking over six (6) years of highly personal and sensitive phone records from Howard, including over two (2) years of records *after* Howard filed his lawsuit. *See* Al Jazeera's Subpoena to Verizon Wireless, dated Aug. 29, 2018 (Exhibit A). For several reasons, the subpoena should be quashed.

To start, the subpoena is overbroad, duplicative, and not likely to lead to the discovery of relevant evidence and should be quashed on any of these grounds. The subpoena is unbounded in scope and not limited in any way to phone numbers associated with individuals related to the Underlying Action. Instead, the Verizon Wireless subpoena is likely to generate literally thousands of pages of irrelevant information having no connection to the Underlying Action—as was the case with the AT&T subpoena seeking Sly's phone records. Sly's records confirm what Howard has said all along: Howard has never communicated with Sly. Given that Sly's records are unambiguous on this point, there is no basis to allow Al Jazeera to pursue such sensitive information from a high-profile, public figure. This is particularly the case here where Al Jazeera has challenged the propriety of virtually all of Howard's confidentiality designations made pursuant to the protective order in the Underlying Action, leaving Howard with no assurances that his private information will remain private. The Court, should, therefore, quash the Verizon Wireless subpoena.

In addition, the subpoena is untimely. Fact discovery originally was scheduled to close on June 13, 2018, and, following an extension, now will close on October 12, 2018. In response to an interrogatory, Howard provided Al Jazeera with information pertaining to his Verizon Wireless account on November 14, 2017. Rather than pursue further discovery relating to Howard's mobile account with Verizon Wireless, Al Jazeera stood idly by for ten (10) months as discovery progressed towards completion. Then suddenly, on August 29, 2018—less than 45 days before the close of fact discovery—Al Jazeera served a subpoena on Verizon Wireless. Al Jazeera's unreasonable delay can only be explained by its desire to obtain (yet another) extension of the now sixteen (16) month discovery period. But that is no basis upon which to permit such highly invasive discovery of a public figure's most private information.

## I. THE VERIZON WIRELESS SUBPOENA SEEKS IRRELEVANT INFORMATION AND IS OVERBROAD

The Verizon Wireless subpoena should be quashed because it is overbroad and duplicative. It represents nothing more than a fishing expedition unlikely to result in relevant information.

Discovery is permitted "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Subpoenas issued to non-parties pursuant to Fed. R. Civ. P. 45 are also "subject to Rule 26(b)(1)'s overriding relevance requirement." *Hughes v. Twenty-First Century Fox, Inc.*, 2018 WL 1936096 * 2 (S.D.N.Y. April 24, 2018) (quoting *Ireh v. Nassau Univ. Med. Ctr.*, 2008 WL 4283344, at *5 (E.D.N.Y. Sept. 17, 2008)). The relevance and proportionality requirements of Fed. R. Civ. P. 26 are intended "to 'encourage judges to be more aggressive in identifying and discouraging discovery overuse' by emphasizing the need to analyze proportionality before ordering production of relevant information." *Walker v. H & M Henner & Mauritz, L.P.*, 2016 WL 4742334, at *2 (S.D.N.Y. Sept. 12, 2016) (internal citations omitted). Courts, therefore, may grant motions to quash when the relevance of information sought by a subpoena is "doubtful and tangential." *Eisemann v. Greene*, 1998 WL 164821 (S.D.N.Y. April 8, 1998); *see also Winter v. Bisso Marine Co.*, 2014 WL 3778833, at *2 (E.D. La. July 29, 2014) (granting motion to quash subpoena for plaintiff's phone records where the defendant's relevance theory was "too tenuous to support a finding that the requested records are relevant to any party's claim or defense").

Here, there can be no serious question that a response to the Version Wireless subpoena would return endless amounts of irrelevant information. Specifically, the Verizon Wireless subpoena seeks highly personal records spanning over six (6) years and seeks "all incoming and outgoing calls (including activity relating to successful calls, non-billed call attempts, and incomplete calls), text messages, and other electronic instant messages, including but not limited

4

to iMessages, sent and received" by Howard's cell phone numbers from January 1, 2012 to the present. *See* Ex. A at 8–9. The subpoena thus is certain to generate thousands of pages of irrelevant information. Rather than craft a narrow, targeted subpoena, Al Jazeera issued a subpoena that is not limited in any meaningful way. When counsel for Howard attempted to meet and confer with Al Jazeera's counsel on September 10, 2018, to narrow the scope of the subpoena, Al Jazeera's counsel refused to consider any modifications to the subpoena, instead insisting on seeking all of Howard's phone records, including records relating to calls, for instance, with his family members. Al Jazeera has failed to articulate how any of these and the many other unrelated communications are relevant to the claims or defenses in the Underlying Action. Instead, Al Jazeera proposes to wade through thousands of personal and sensitive records, hoping that its shot in the dark might hit something. In short, the Verizon Wireless subpoena is meant to harass Howard, a public figure with a substantial interest in maintaining the confidentiality of his personal information, and cause further delay to an already extended and lengthy discovery period.

The mere fact that phone records *may* contain relevant information "does not mean, however, that they are subject to unlimited discovery." *Sovereign Partners Ltd. P'ship v. Rest. Teams Int'l, Inc.*, 1999 WL 993678, at *4 (S.D.N.Y. Nov. 2, 1999). Howard's personal phone records "undoubtedly include substantial data not pertinent to any aspect of [ ] litigation, including information about personal phone calls . . . . This raises significant privacy concerns." *Id.* This privacy concern is particularly acute given Howard's public-figure status. Because the subpoena is overbroad, it is certain to return thousands of pages of irrelevant personal information. Under these circumstances, the Court should quash the Verizon Wireless subpoena. *See Carvel v. Franchise Store Realty Corp.*, 2011 WL 13269780, at * 3–4 (S.D.N.Y. June 6, 2011) (granting motion to squash subpoenas that are "overbroad, unduly burdensome, and seek substantial

information that is outside the scope of permissible discovery in this case"); *see also Smith v. Pefanis*, 2008 WL 11333335, at *3 (N.D. Ga. Oct. 30, 2008) ("While defendants may be able to establish the relevance of some of plaintiff's phone records, they have not shown any reason that they should be granted unrestricted access to plaintiff's entire personal cell phone records during the time period specified in the subpoena."). This longstanding rule applies even more forcefully, when the Federal Rules of Civil Procedure specifically were modified in 2015 to curb abusive discovery practices based on tangential claims of relevance. *See* Fed. R. Civ. P. 26(b)(1), Advisory Committee Note to 2015 Amendment ("The present amendment restores the proportionality factors to their original place in defining the scope of discovery.").

## II. THE VERIZON WIRELESS SUBPOENA IS DUPLICATIVE

Even if the Verizon Wireless subpoena were reasonably calculated to lead to the discovery of admissible evidence (which it is not), any responsive information possibly contained in these records has already been produced to Al Jazeera by Howard and other non-parties. Under Rule 26, courts must limit discovery that is "unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C); *see also In re Blackstone Partners, L.P.*, 2005 WL 1560505, at 3 (S.D.N.Y. July 1, 2005) (affirming motion to quash where the subpoena would be "duplicative and cumulative since the Trustee has already acquired sufficient relevant facts").

Howard has already produced hundreds of pages of responsive, non-privileged material from his mobile devices in response to Al Jazeera's requests, including hundreds of pages of text messages he exchanged with various non-parties identified in Al Jazeera's discovery requests. The Verizon Wireless subpoena will simply provide duplicative information, albeit with far less detail. Additionally, the records that Al Jazeera hopes to receive from Verizon Wireless will ***not*** contain the smoking gun that Al Jazeera seeks, and Al Jazeera knows it. As discussed, Al Jazeera has

already received 21,000 pages of phone records from Sly in response to another subpoena it served on AT&T. Howard's phone numbers, however, appear nowhere in this tome of records. Any records produced by Verizon Wireless will not reveal any new information in this regard. As such, the Court should grant Howard's Motion to Quash Al Jazeera's duplicative subpoena.

### III.     THE VERIZON WIRELESS SUBPOENA IS UNTIMELY

Finally, Al Jazeera's subpoena is untimely and should be quashed on this grounds as well. Federal Rule of Civil Procedure 26(b)(2) requires courts to "limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2); *see In re Zyprexa Prod. Liab. Litig.*, 2009 WL 1310890, at *3 (E.D.N.Y. May 8, 2009) (denying request for additional discovery where "[t]he time for making such broad discovery demands has long since passed"); *see also FLOORgraphics, Inc. v. News Am. Mktg. In-Store Servs., Inc.*, 2007 WL 1613217, at *3 (D.N.J. June 1, 2007) (granting motion for a protective order where the subpoena issued by the plaintiff was duplicative, outside the scope of discovery permitted by court, and issued near the end of fact discovery). That is precisely what the Court should do here given Al Jazeera's unreasonable and inexplicable delay in seeking the records it now belatedly demands.

Specifically, on September 11, 2017, Al Jazeera served an interrogatory on Howard requesting that he "[i]dentify each cellular phone carrier with which [Howard] has had a contract or service relationship for the time period January 1, 2012 through December 31, 2015, cellular phone numbers, and the model or type of cellular phones used by [Howard], including the current status or location of each cellular phone used during that time period, whether [Howard] still possess[es] the cellular phone(s) used, and, if not, when and how such cellular phone(s) left

7

[Howard's] possession." Excerpt of Al Jazeera's First Set of Interrogatories to Howard, at No. 12 (Exhibit B). Howard fully and completely responded to this interrogatory on November 14, 2017 by describing the phones used during this time period, the phone numbers linked to these devices, and the service providers associated with these accounts. Now, ten (10) months after learning Howard's cell phone numbers and carrier information, Al Jazeera served its subpoena on Verizon Wireless on the eve of the close of fact discovery in a blatant attempt to further delay and force yet another extension of the discovery schedule that has already been extended four months due, in large part, to Al Jazeera's refusal to provide Howard with full and complete discovery. *See* Joint Motion to Modify the Scheduling Order, 16 Civ. 00013 (D.D.C.) Dkt. No. 115 (May 30, 2018). Al Jazeera's stall tactics are transparent and improper under Fed. R. Civ. P. 26(b)(2), and the Court should quash the Verizon Wireless subpoena for this independent reason.

### IV.　IN THE ALTERNATIVE, THIS MATTER SHOULD BE TRANSFERRED TO THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

In the alternative, the Court should transfer this Motion to the U.S. District Court for the District of Columbia, where the Underlying Action is pending. The court where compliance is required (*i.e.*, this Court) may transfer a motion to the issuing court "if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Courts have held that the avoidance of inconsistent results is an exceptional circumstance warranting transfer of a motion to quash. *See, e.g.*, *Stanziale v. Pepper Hamilton LLP*, 2007 WL 473703, at \*6 (S.D.N.Y. Feb. 9, 2007) ("because the presiding judge . . . is better positioned to evaluate the battling claims[,] . . . transfer will best serve the interests of justice and judicial efficiency"); *Wultz v. Bank of China, Ltd*, 304 F.R.D. 38, 46 (D.D.C. 2014) ("This potential for inconsistent rulings should be avoided and weighs in favor of a single judicial officer deciding all of these disputes. And transferring the motion to quash pending before this Court advances the objective of avoiding

inconsistent rulings."); *UBS Sec. LLC v. Third Eye Capital Corp.*, 2014 WL 12613381, at *3 (C.D. Cal. Oct. 21, 2014) (granting motion to transfer where "the Southern District of New York is in a better position to rule on the motion to compel due to its familiarity with the scope of the S.D.N.Y. action"); *F.T.C. v. v. A±Fin. Ctr., LLC*, 2013 WL 6388539, at *3 (S.D. Ohio Dec. 6, 2013) (finding exceptional circumstances warranting transferring motions to quash "to avoid inconsistent outcomes and for purposes of judicial economy"). The Advisory Committee Notes expressly recognize the risk of inconsistent rulings as an exceptional circumstance and provide that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45 Advisory Committee Notes.

Here, there is a demonstrable risk of inconsistent judgments because Al Jazeera has also served substantially similar subpoenas on non-parties AT&T and Apple, with compliance required in Florida and California, respectively. These subpoenas seek the same overbroad, duplicative information sought by the Verizon Wireless subpoena, and Howard is filing motions addressing these same issues in both additional jurisdictions. Because this Court's judgment "might differ from another court's resolution of such a motion," it is appropriate for this Court to transfer this case to the U.S. District Court for the District of Columbia. *Wultz v*, 304 F.R.D. at 46; *see also*, *Stanzaiale v. Hamilton, LLP*, 2007 WL 473703 (granting the motion to transfer the motion to compel to another court in the interest of judicial efficiency).

In addition, the U.S. District Court for the District of Columbia is best suited to address the issues raised in this Motion because it has a number of related discovery motions pending resolution. *See* 16 Civ. 00013 (D.D.C.) Dkt. Nos. 69, 98, 104, 107. All of these pending motions implicate the scope of permissible discovery in the Underlying Action, and thus, the District Court

9

for the District of Columbia is best positioned to address the discovery disputes raised by the Verizon Wireless subpoena. Thus, should the Court decline to quash Al Jazeera's subpoena, the Court should transfer this Motion to the District Court for the District of Columbia to avoid inconsistent judgments in multiple jurisdictions.

## CONCLUSION

For the foregoing reasons, Howard respectfully requests that the Court grant his Motion to Quash Al Jazeera's Subpoena Served on Verizon Wireless pursuant to Federal Rule of Civil Procedure 45(d).

Dated: September 12, 2018

Respectfully submitted,

By: */s/ Ellyde R. Thompson*
Ellyde R. Thompson
New York Bar #4729687
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
Telephone:  212-849-7000
Facsimile:  212-849-7100
ellydethompson@quinnemanuel.com

*Counsel for Ryan J. Howard*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of Ryan J. Howard's Memorandum of Law in Support of the Motion to Quash Al Jazeera's Subpoena Served on Verizon Wireless, the Declaration of Scott E. Lerner, and the accompanying exhibits were served upon the following counsel for Al Jazeera Media Network, Al Jazeera International (USA) LLC (formerly known as Al Jazeera International (USA), Inc.), Al Jazeera America, LLC, and Deborah Davies on September 12, 2018 at the following e-mail addresses:

    Gregg L. Bernstein—gbernstein@zuckerman.com

    Alicia Shelton—ashelton@zuckerman.com

    /s/ Scott E. Lerner
    Scott E. Lerner